SUSAN J. WELDE (SBN 205401)
ROPERS MAJESKI PC
445 South Figueroa St, 30th Floor
Los Angeles, CA 90071
Telephone: 213.312.2000
Facsimile: 213.312.2001
Email: susan.welde@ropers.com

Attorneys for Plaintiff
ATLANTIC CASUALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>3D DIAMOND MASK COMPANY, INC.<br><br>　　　　Defendant. | Case No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff ATLANTIC CASUALTY INSURANCE COMPANY alleges as follows:

**PARTIES**

1. ATLANTIC CASUALTY INSURANCE COMPANY ("Atlantic Casualty") is, and, at all times herein mentioned, was, a surplus lines insurance company doing business in the State of California. Atlantic Casualty is a corporation organized under the laws of the State of North Carolina, with its principal place of business in Goldsboro, North Carolina.

2. Plaintiff is informed and believes, and thereon alleges, that Defendant 3D DIAMOND MASK COMPANY, INC. ("3D Diamond") is a corporation organized under the laws of the State of California, with its principal place of

business in Chatsworth, California.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) because there is complete diversity of citizenship between Atlantic Casualty and 3D Diamond and the amount in controversy exceeds $75,000.

4. The Court has personal jurisdiction over 3D Diamond because 3D Diamond has its principal place of business in California.

5. Venue in this District is proper under 28 U.S.C. § 1391(b)(1) because 3D Diamond's registered address is in this District and Division and the Policy at issue was delivered to 3D Diamond at its principal place of business, located in this District.

6. An actual case and controversy of a justiciable nature exists between Atlantic Casualty and 3D Diamond regarding the duties, rights, and obligations, if any, under the subject insurance Policy. Atlantic Casualty is, therefore, entitled to bring this declaratory judgment action in this Court pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.

7. Atlantic Casualty seeks a declaration that it has satisfied its obligations under an insurance policy it issued to 3D Diamond. 3D Diamond disputes that Atlantic Casualty has paid what is owed and claims additional amounts are due to it under the policy.

## BACKGROUND FACTS

8. Atlantic Casualty issued Commercial Property Insurance Policy No. M227000686 to 3D Diamond for the policy period June 22, 2020 to June 22, 2021 ("Policy"). The Policy provides certain property coverage for the property located at 9001 Oso Ave., Unit H in Chatsworth, California as well as 3D's business personal property located therein, subject to the Policy's terms, exclusions, conditions, limitations, and endorsements. A true and correct copy of the Policy is attached here as Exhibit A.

COMPLAINT FOR DECLARATORY RELIEF

9. 3D Diamond claims to have suffered a water loss at the Property on or about March 15, 2021, which 3D Diamond claims affected certain machinery at the Property, rendering the machinery incapable of performing its intended purpose of making face masks.

10. Atlantic Casualty has paid benefits under the Policy 3D Diamond in the amount of $57,040.00 to date. 3D Diamond claims that Atlantic Casualty owes the full policy limit for Business Personal Property, or $192,960.00.

11. Atlantic Casualty contends that it has paid the full amounts of benefits owed under the Policy because 3D Diamond's Business Personal Property limit under the Policy is subject to a Co-Insurance Penalty. Specifically, Atlantic Casualty asserts that during the application process for the Policy, 3D Diamond represented that it owned approximately $250,000 in business personal property. However, during the investigation process into the Claim, Atlantic Casualty discovered that 3D Diamond appears to have owned at least $1,360,000 in business personal property at the time the Claim was submitted, thereby triggering the Policy's 80% co-insurance penalty.

12. 3D Diamond disputed Atlantic Casualty's calculation of its business personal property at the time of loss. Atlantic Casualty thus requested additional documentation from 3D Diamond to determine whether the Co-Insurance Penalty applied. The requested documents ("Requested Documentation") included the following:

    a. Each and every document reflecting or referring to inventories or schedules of all of the tangible property (damaged and undamaged) at premises at the Property between June 22, 2020 (policy inception) and March 15, 2021 (date of loss), including quantities, costs, and values.

    b. Each and every document reflecting or referring to any and all accounting balance sheets or other accounting records reflecting any or all of the tangible property (damaged and undamaged) at the Property between

COMPLAINT FOR DECLARATORY RELIEF

June 22, 2020 (policy inception) and March 15, 2021 (date of loss).

   c. Each and every document reflecting or referring to the purchase of, payment for, or financing of any or all of the tangible property (damaged and undamaged) at the Property between June 22, 2020 (policy inception) and March 15, 2021 (date of loss).

   d. Each and every document reflecting or referring to any and all accounting balance sheets describing the corporate assets of 3d Diamond Mask between June 22, 2020, and the present.

   e. Each and every correspondence, e-mail, note, and any other document reflecting any communication by or on behalf of 3d Diamond Mask and any bookkeeper, accountant, lender, or financial institution referring to any of the inventories, schedules, accounting records, purchase records, payment records, or financing records referred to above.

   f. If 3d Diamond Mask agrees, copies of 3d Diamond Mask's Federal Income Tax returns for the years 2019-2020.

A true and correct copy of Atlantic Casualty's letter requesting the above-referenced documents and records is attached hereto as Exhibit B.

13. Atlantic Casualty also examined 3D Diamond, under oath, regarding the value of its business personal property.

14. However, 3D Diamond did not answer all questions posed at the Examination Under Oath, and refused, and has continued to refuse, to provide the Requested Documentation or to allow Atlantic Casualty to inspect its financial records.

15. Following 3D Diamond's refusal to provide the Requested Documentation and/or to permit an inspection of its records, Atlantic Casualty hired a third party company to review the data that had been made available for purposes of assessing the value of 3D Diamond's business personal property. Atlantic Casualty's hired vendor values 3D Diamond's business personal property at

COMPLAINT FOR DECLARATORY RELIEF

approximately $1,360,000.

16. 3D Diamond continues to dispute Atlantic Casualty's valuation of its business personal property and continues to refuse to provide the Requested Documentation or to permit an inspection thereof. However, 3D Diamond has confirmed that it keeps the types of records requested and has an accountant with which it communicates about such matters.

17. 3D Diamond asserts it has provided all documentation it was required to provide in support of the Claim.

18. Due to the differing of opinions with respect to the value of the Claim and 3D Diamond's duty to make its records available, Atlantic Casualty has filed this instant declaratory judgment action seeking guidance from the Court as to its payment obligations.

19. Atlantic Casualty seeks a declaration from the Court that 3D Diamond is not entitled to recover any additional amounts under the Policy for the Claim because it has refused to provide the Requested Documentation or make it available for inspection to Atlantic Casualty. In the alternative, Atlantics seeks a declaration from the Court that 3D Diamond is not entitled to recover any additional amounts under the Policy for the Claim unless and until it provides the Requested Documentation and/or makes its records available for inspection by Atlantic Casualty.

**Relevant Policy Provisions**

20. The Policy's Insuring Agreement states as follows:

**BUILDING AND PERSONAL PROPERTY COVERAGE FORM**

**A. Coverage**
We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

* * *

**F.    Additional Conditions**
The following conditions apply in addition to the Common Policy Conditions

and the Commercial Property Conditions:

**Coinsurance**

If a Coinsurance percentage is shown in the Declarations, the following condition applies:

    **a.**    We will not pay the full amount of any loss if the value of Covered Property at the time of loss times the Coinsurance percentage shown for it in the Declarations is greater than the Limit of Insurance for the property.

Instead, we will determine the most we will pay using the following steps:

**(1)**    Multiply the value of Covered Property at the time of loss by the Coinsurance percentage;

**(2)**    Divide the Limit of Insurance of the property by the figure determined in Step **(1)**;

**(3)**    Multiply the total amount of loss, before the application of any deductible, by the figure determined in Step **(2)**; and

**(4)**    Subtract the deductible from the figure determined in Step **(3)**.

We will pay the amount determined in Step **(4)** or the Limit of Insurance, whichever is less. For the remainder, you will either have to rely on other insurance or absorb the loss yourself.

\* \* \*

    **b.**    If one Limit of Insurance applies to two or more separate items, this condition will apply to the total of all property to which the limit applies.

21.    The Policy's "Loss Conditions" section states as follows:

**E.**    **Loss Conditions**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.

\* \* \*

**3.**    **Duties In The Event Of Loss Or Damage**

a.    You must see that the following are done in the event of loss or damage to Covered Property:

\* \* \*

(5)    At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.

(6)    As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records. Also, … permit us to make copies from your books and records.

\* \* \*

COMPLAINT FOR DECLARATORY RELIEF

(8) Cooperate with us in the investigation or settlement of the claim.

b. We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.

## FIRST CAUSE OF ACTION

### (Declaratory Relief – Atlantic Casualty Has Paid All Amounts Owed Under the Policy for the Claim)

22. Atlantic Casualty re-adopts and re-alleges each and every allegation contained in paragraphs 1-21 as though fully set forth herein.

23. Atlantic Casualty has diligently investigated 3D Diamond's Claim and, based on its investigation to date, has determined that the value of 3D Diamond's claim, after applying the applicable deductibles and Coinsurance penalty, is $57,040.00. This amount has been paid to 3D Diamond.

24. 3D Diamond claims Atlantic Casualty has miscalculated the value of its business personal property but has refused to provide the financial records requested by Atlantic Casualty so that Atlantic Casualty can further investigate the value of 3D Diamond's business personal property. The parties remain in dispute as to whether 3D Diamond is required to provide any further documentation to Atlantic Casualty.

25. Atlantic Casualty is entitled to review the requested financial documents of 3D Diamond under the plain language of the Policy.

26. Accordingly, pursuant to 28 U.S.C. § 2201, Atlantic Casualty is entitled to a declaration that it owes no duty to issue any additional payment to 3D Diamond for the Claim submitted under the Policy because 3D Diamond has failed and refused to provide Atlantic Casualty with the Requested Documentation or to otherwise allow Atlantic Casualty to inspect 3D Diamond's financial records with

respect to the purchase and/or value of its business personal property.

## SECOND CAUSE OF ACTION

**(Declaratory Relief – Atlantic Casualty Has No Duty To Pay Any Additional Amounts For the Claim Without Cooperation From Defendant)**

27. Atlantic Casualty re-adopts and re-alleges each and every allegation contained in paragraphs 1-26 as though fully set forth herein.

28. Atlantic Casualty has diligently investigated 3D Diamond's claim and, based on its investigation to date, has determined that the value of 3D Diamond's Claim, after applying the applicable deductibles and Coinsurance penalty, is $57,040.00.  This amount has been paid to 3D Diamond.

29. 3D Diamond claims Atlantic Casualty has miscalculated the value of its business personal property, but has refused to provide the Requested Documents so that Atlantic Casualty can further investigate the value of 3D Diamond's business personal property.  The parties remain in dispute as to whether 3D Diamond is required to provide any further documentation to Atlantic Casualty.

30. Atlantic Casualty is entitled to obtain and review the Requested Documents under the plain language of the Policy.

31. Accordingly, pursuant to 28 U.S.C. § 2201, in the absence of a Declaration that Atlantic Casualty has paid all amounts to 3D Diamond it owes for this Claim, Atlantic Casualty is entitled to a declaration that it owes no duty to issue any additional payment to 3D Diamond for the Claim unless and until 3D Diamond provides Atlantic Casualty with the Requested Documents with respect to the purchase and/or value of 3D Diamond's business personal property.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. Enter a declaratory judgment that Atlantic Casualty has paid all amounts owed for the subject Claim under the subject Policy; or, in the alternative,

2. Enter a declaratory judgment that Atlantic Casualty is not obligated to pay any additional amounts to 3D Diamond for the subject Claim unless and until 3D Diamond provides, or allows Atlantic Casualty to inspect, the Requested Documents.

3. Grant other such relief as this Court deems just and appropriate.

Dated: June 10, 2022                ROPERS MAJESKI PC

By: */s/ Susan J. Welde*
SUSAN J. WELDE
Attorneys for Plaintiff
ATLANTIC CASUALTY
INSURANCE COMPANY